HEARD NOVEMBER TERM, 1874.

## EAKIN *vs.* KNOX.

Settlements made between plaintiff and defendant, late copartners: *Held*, upon the evidence, to have been partial only, and, therefore, to constitute no bar to an action for account without charge of fraud, accident or mistake.

A Referee's conclusions of fact drawn from testimony of a somewhat vague and uncertain character, concurred in by the Circuit Court, will not be disturbed.

Where, after division of the assets of a late firm, one partner is compelled to pay outstanding debts, he may sue for contribution.

A party suing his late copartner for contribution will not be compelled to accept the same kind of money he paid. He will only be limited in his recovery to the value of that money and interest thereon.

Where a defendant thinks he may be prejudiced because a third person has not been made a party to the action, he should take the necessary steps to bring him before the Court.

BEFORE COOKE, J., AT ABBEVILLE, JUNE TERM, 1874.

Action by Thomas Eakin, plaintiff, against John Knox, defendant.

The case was referred to Edward Noble, Esq., as Referee, from whose report it will be fully understood.

The report is as follows:

The case made is briefly this:

In 1861, Thomas Eakin, Ben. H. Eakin and John Knox, as partners, bought a tract of land, hired laborers, provided themselves with animals, and put under way a cotton plantation in the County of Abbeville. They, in August, 1861, bought at Commissioner's sale sundry slaves, and gave for the purchase money their bond to the Commissioner for $3,980, payable in two instalments, each for $1,990, and running on interest from date, the first payable 5th August, 1862, and the second 5th August, 1863. They sold the land in December, 1861, to Joel Smith for over $7,000, which was divided among them, as appears by partial settlement, dated 12th February, 1862. They worked the plantation but one year; made that year (1861) forty-five bales of cotton, and then discontinued the planting partnership. In 1863, the plaintiff, Eakin, paid up the bond to the Commissioner, and now sues the defendant, Knox, for his one-third part thereof. The negroes, by agreement, went into the possession of plaintiff, who kept them during the war as partnership property, and were emancipated in his possession. Three partial settlements were proved and produced in writing—first dated 12th February, 1862; second, 10th December, 1864; third, 19th July, 1865.

The plaintiff demands of the defendant as follows:

1. One-third of the amount he paid on the bond, viz.: Costs, &c., August 5, 1861, $168.50; reduced by cash on account, $153. Paid February 12, 1863, $2,319.83; reduced by cash on account, $1,195.78. Paid August 28, 1863, $1,480; reduced by cash on account, $123.30. Paid October 17, 1863, $498.86; reduced by cash on account, $61.50.

2. One-third of $30 for hauling forty-six bales of cotton. February 1, 1862, $5.35.

3. One-third of $11 for same cotton. December 1, 1864, $1.37.

4. One-third of $62 paid J. T. Moore for hire of slaves and mules in 1861, $20.62.

### CREDITED.

Net proceeds of five bales of cotton attached as belonging to McKay, with interest to date of complaint, one-third to Knox, $88.30.

The defense, so far as regards a counter claim and discount, is for the value in Confederate currency of eighty-three bunches of thread, at $30 a bunch ......$2,490 00
Deduct therefrom as in settlement July 19, 1865, which is claimed as due defendant, with interest from 19th July, 1865..................................................... 667 52

$1,822 48

The defense relies on the aforesaid settlement as showing a winding up and final adjustment of the amounts between the partners which ought not to be opened, but should be held conclusive against plaintiff's claims. The second and fourth of plaintiff's claims will be first considered. The settlement of 12th February, 1862, was after the sale of the land and after the date of the two claims under consideration. Thomas Eakin here presents claims against the partnership for expenses amounting to $696.32. No items are given, but it is fairly to be presumed that the second and fourth claims entered into these expenses.

The settlement of 10th December, 1864, signed only by the two Eakins, has a long list of expenses paid by the plaintiff of large and petty amounts, but no trace of the second and fourth claims appears. For these reasons they are disallowed. An additional reason ought to be mentioned for disallowing the fourth claim.

The settlement of 12th February, 1862, excepts therefrom an amount against J. T. Moore, and as the plaintiff was the active partner of the firm, it is presumed this amount was or should have been set off against Moore's demand upon the firm for hire. The third claim is for a petty amount, but is disallowed for the following reason: The settlement of 10th December, 1864, was subsequent to date of claim; if valid, or intended to be charged, it should have been put into that settlement between plaintiff and his brother, B. H. Eakin; not being there, it is ruled out as a matter originally not meant to be a claim.

This leaves the claim for reimbursement for payments made by plaintiff on the bond to the Commissioner for consideration.

It is to be observed that the three settlements before referred to are each for a specific object—the first to ascertain expenses and to divide the proceeds of the land sale, the second and third to adjust expenses and divide the proceeds of sale of the forty-five or forty-six bales of partnership cotton raised in 1861.

The first settlement, speaking of the forty-five bales, concludes, "when sold is to be *distributed* among said parties." The cotton was sold by the plaintiff on the 16th November, 1864, to one J. W. McKay, for estimated sum of $24,065, of which $12,000 was to be paid in currency and $12,000 by four hundred bunches of cotton thread put at $30 per bunch. The currency was paid and two hundred bunches only. By the settlement of July 19, 1865, it will be seen that Knox had previously, and I suppose in Confederate times, before end of the war, received $7,000 of the $7,682.48, computed as his share in the sale in currency. But the parties seemed to hold on to the original terms requiring two hundred additional bunches to be delivered. Of the first two hundred, Knox, by this settlement, acknowledges to have received forty-five, his share being one-third—sixty-six and one-half. By referring to exhibit "O," under date 30th November, 1865, it will be seen that the plaintiff paid the defendant the value of eighteen and one-half bunches—$55.50. If number of bunches were to be the basis of settlement, the plaintiff did not deliver to him, Knox, the whole number.

| | |
|---|---|
| Received........................................................ | 45 |
| Paid for........................................................ | 18½ |
| | 63½ |
| One-third of two hundred due Knox................ | 66½ |
| Remains due Knox........................................ | 3 |

The testimony discloses. the fact that at the instance of plaintiff and defendant, in the latter part of 1864, five bales of cotton were attached by'this attorney, as the property of J. W. McKay, for the express purpose of obtaining payment for the two hundred bunches which he failed to deliver. This suit is mentioned in the settlement .of 19th July, 1865, as follows: "The matter of the cotton is now in litigation, and the settlement of amount between Eakin & Knox cannot be closed until the result is known."

The testimony and the settlements fairly make out the adjustment of the cotton sale, including the fair division of both currency. and bunches of thread, excepting three still due Knox.

It is disclosed in the testimony that two other settlements were had by plaintiff and defendant since that of 19th July, 1865. Some time in 1867, Mr. DuPre says he made a settlement for them, adjusting between them and a third party the losses incurred in shipping to Liverpool some cotton purchased on speculation by them. This was a settlement of a special character, and had no connection with or relation to the planting partnership or the adjustment of the accounts of that firm.

The last settlement was in 1869, about the date of the note sued on in first suit. Eakin & Knox, in 1867 and 1868, or in one of those years, were partners in a grocery business conducted at Abbeville, and in winding up and dissolving the firm got Mr. DuPre and Matthew McDonald, the Clerk of Court, to make the settlement for them. They did so, and the note in the first case against Knox and Cunningham was given in liquidation of a balance against Knox on the adjustment of the accounts. This settlement had no connection with or relation to the accounts of the planting partnership.

The plaintiff, it seems by the proof, never brought to the attention of Knox the fact that he had paid off the bond to the Commissioner and held him responsible for one-third of it. During 1868 and 1869, and until a short time before this suit was commenced, (August, 1870,) it had been agreed, on several occasions, to meet and adjust their differences; but when plaintiff would come to the village for the proposed meeting, the defendant was never ready and put him off. It appears that the claim against Knox for his third of the bond was never specially alluded to. The parties spoke only of meeting to settle their accounts. Unless the bond of indebtedness was the matter to be adjusted in 1869–70, it is difficult

to perceive any necessity for a settlement. The attachment money was in plaintiff's hands, and part of it was Knox's. If this was the matter for the settlement, it might have been adjusted in a few moments. For some time after the war, in 1867, and, perhaps, a part of 1868, debts or contracts made during the war were interdicted, and suits could not be brought. However, the Referee is satisfied, from the proof, that the plaintiff paid the bond, and the defendant has never refunded any part thereof to the plaintiff.

The Statute of Limitations was suspended till December, 1866, or January, 1867. The suit was commenced in August, 1870, and four years had not elapsed to constitute a bar.

The conclusions of law arrived at by the Referee are:

1. That the Statute of Limitations is not a bar to the action.

2. That the plaintiff's right to an account from the defendant is not concluded by the partial settlements heretofore referred to.

The conclusions of fact are:

1. That plaintiff paid off the bond to Commissioner Parker, as set forth in the complaint, and paid the sums set down therein on the dates stated.

2. That the defendant, as partner in the planting firm composed of the plaintiff, defendant and B. H. Eakin, is liable to plaintiff for one-third of such payments on the bond. [Here follows a statement of the accounts, showing a balance due plaintiff on 1st November, 1872, of $750.11, and an alternative statement, taking off one-half of said amount, and thereby reducing it to $375.05.]

The defendant excepted to the report on the grounds:

1. That a settlement of the partnership accounts was made; one as late as 19th July, A. D. 1865, and all matters pertaining to the partnership were settled, except the matters therein expressly excepted; and that the Referee erred in not holding these settlements final and conclusive as to all matters contained therein.

2. That there is no statement in the complaint of fraud, error or mistake in the settlement; and that the Referee erred in opening the accounts without such allegation or proof.

3. That the Referee erred in charging the defendant with the third part of the sum paid by the plaintiff on the bond to the Commissioner; that such sum would, in fidelity to his partnership obligations, be held to be paid.

4. That the Referee should have found as a fact that plaintiff, without the knowledge of the defendant, purposely withheld the settlement of the sum he paid on the bond, with the intent of holding it and afterwards claiming it, which was a fraud on his partner.

5. That the Referee erred in not holding the Statute of Limitations and lapse of time a bar to plaintiff's suit.

6. That the Referee erred in not giving credit for eighty-three bunches of thread, at $30 per bunch, Confederate money, which, according to settlement of July, A. D. 1865, was agreed to be paid him, (the defendant,) but was not.

7. Because the Referee rejected the claim of defendant for money paid William Wharton on loss on partnership cotton received from Eakin & Knox.

The decree of His Honor the Circuit Judge is as follows:

Cooke, J. By an order of this Court, bearing date the 27th day of June, 1872, it was ordered: "That all questions of law and all questions of fact in said cases be referred to Edward Noble, Esq., as Special Referee; that he take testimony in said cases, and report in said cases his findings of fact and conclusions of law to the Court at its next sitting in October, with leave to the parties to amend their pleadings by presenting new matter or otherwise as they may be advised."

In pursuance of the order, the said Referee took testimony, and filed his report on 2d November, 1872, setting forth his findings of law and of fact, with a statement of the accounts between the parties. Exceptions to the report were filed by the defendant, and argument of counsel was heard thereon. The Referee submitted an alternative view of the accounts, based upon the rule heretofore adopted in this County by juries in scaling debts at the close of the war. This rule the Court does not recognize or adopt. It is therefore ordered and adjudged that the exceptions of the defendant to the Referee's report be overruled; that the said report, finding that the defendant is indebted to the plaintiff in the sum of $750.11, be confirmed and made the judgment of this Court; and that the said plaintiff have leave to enforce the payment of the same, with interest from 2d November, 1872, by execution. or other process, with costs of suit.

The defendant appealed upon the following grounds:

1. That a settlement of the partnership affairs was made, one as late as 19th July, 1865, and all matters pertaining to the partnership were settled, except such as were mentioned therein as excluded.

2. That plaintiff had exclusive control of and sold the partnership property—land and negroes; took notes payable to himself—was the collector thereof; had the money at all times in sufficient amount for payment of the debts of the partnership, including his own claim, and will be held to have paid himself.

3. That before any division of partnership property is made, it will be conclusively presumed that all demands against the partnership have been paid.

4. That the plaintiff knew the indebtedness of the partnership and of the defendant as a member of the firm to himself, and should have retained before division the amount which the firm owed him, and in justice and fidelity to his partners he will be presumed to have paid himself.

5. That plaintiff was bound to receive the same kind of money which he paid upon the bond.

6. That several settlements between the parties, some as late as A. D. 1869, have been made, and the claim insisted on by the plaintiff in this case never was presented.

7. That the lapse of time, laches of plaintiff and Statute of Limitations should be held a bar to the suit.

8. That, by agreement, plaintiff was bound to deliver defendant a quantity of thread, eighty-three bunches of which, valued at thirty dollars per bunch, were not delivered or the equivalent paid.

9. That, upon a fair calculation, the defendant protesting the settlements already made cannot be reopened except as provided for, the plaintiff is indebted to defendant.

10. That there is not in the complaint any allegation of mistake, accident or fraud which is a ground for opening the settlements made; indeed the reverse, the plaintiff stating that he knew of this debt, and that it was a partnership debt.

11. That no suit can be maintained by one partner against another partner which does not involve a settlement of all the partnership matters and accounts and embrace all the partners.

12. That a discharge of one partner is a discharge of both. That Benjamin H. Eakin was discharged by plaintiff.

13. That for want of jurisdiction and equity the complaint should be dismissed.

*Thomson*, for appellant.

*Burt*, contra.

Jan. 27, 1875. The opinion of the Court was delivered by

WILLARD, A. J. The principal matters in dispute were as to the effect of certain settlements made between the partners of the mercantile firm of which plaintiff and defendant were members. The defendant contended that, taken together, they were a full and final settlement of all partnership accounts, and, as such, could only be opened upon the equitable principles governing the opening of settled accounts, and that the pleadings did not lay the ground work for the application of those principles. On the other hand, the plaintiff contended that these settlements were partial only, and did not embrace the subject of the present suit, which was the only unsettled matter left of the copartnership transactions.

The question was examined by the Referee upon testimony offered by both parties as explanatory of the force and effect of those settlements according to the mutual intention of the parties. He concluded, as matter of fact, that the settlements, as intended by the parties, were partial only and did not embrace certain of the demands made by the plaintiff which were allowed by his report. The report was confirmed by the Circuit Judge. The conclusions of fact on this point arrived at by the Referee's report rested upon inferences arising on testimony of a somewhat vague and uncertain character. A conclusion of fact drawn from sources of this nature, supported by the concurring opinion of the Circuit Judge, will not be disturbed by this Court. For the reasons just stated, the remaining conclusions of fact, relating to particular items entering into the account passed upon, will not be disturbed by this Court.

It remains only to notice the points of law raised, which will be considered with reference to facts, as found by the Referee and conclusively settled between the parties.

The first, second, fourth, sixth, eighth, ninth and tenth grounds of appeal assume a state of facts inconsistent with the conclusions of fact by which the rights of the parties must be tested, and are disposed of by the disposition already made of the question affecting the findings of fact.

The third ground of appeal is unsound. It, in effect, holds that after a division of partnership property, a partner subsequently compelled to pay outstanding debts of the firm cannot look to his copartners for contribution. An inference working such manifest injustice cannot arise under the principles and rules of equity.

The fifth ground, to wit: "That plaintiff was bound to receive the same kind of money which he paid upon the bond," cannot be supported as it stands. If the plaintiff paid out value for the payment of copartnership debts, while he is limited to that value and interest upon it in demanding contribution, he has a right to demand lawful money, even though the value parted with on the partnership account was of some other nature than that of lawful money.

This Court concurs with the Circuit Court that the Statute of Limitations is inapplicable to this case. It does not appear that the plaintiff is chargeable with laches tending to place the defendant in a worse position than he would have occupied had plaintiff's demand been pressed at an earlier day; there is, therefore, nothing to impair the plaintiff's equity.

The proposition that no suit can be maintained by one partner against another partner which does not involve a settlement of all partnership matters and accounts and embrace all the partners is inapplicable to the present case as it stands under the Circuit decree. It appears that the decree leaves nothing unsettled between any of the partners appertaining to the partnership affairs, and therefore this action must be regarded as in substance and effect a full and final accounting as it regards all the partners.

It does not appear that the discharge of Benjamin H. Eakin has in any way affected prejudicially the adjustment as between the parties to the present suit. If, for any reason, it was necessary that B. H. Eakin should be represented in this suit with a view to a conclusive settlement of all outstanding partnership matters, the defendant was at liberty to take steps which would have resulted in the appearance of all proper parties in the action; not having done so, he cannot claim any advantage from that fact. In no respect can the settlement with B. H. Eakin, as to his proportionate liability, prejudice the right of plaintiff to an account of what was due from the defendant.

The appeal should be dismissed.

*Moses*, C. J., and *Wright*, A. J., concurred.